UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL F. SCHULZE,<br><br>        Petitioner,<br><br>   v.<br><br>BLAIR LEIBACH,[1]<br><br>        Respondent. | Case No. 2:20-cv-01347-KJD-BNW<br><br>**ORDER** |

      This is a habeas corpus action under 28 U.S.C. § 2241.  Currently before the court are the petition (ECF No. 7), respondent's motion to dismiss (ECF No. 15), petitioner Michael Schulze's opposition (ECF No. 16), and respondent's reply (ECF No. 17).  The court grants respondent's motion and dismisses this action because now it is moot.

      Schulze alleges that he is a federal criminal inmate held at the Nevada Southern Detention Center.  Schulze also alleges that he has qualified for two programs.  First, he alleges that he has qualified for placement in a residential drug treatment program; if he completes the program successfully, then his sentence will be reduced.  ECF No. 7 at 6.  See also 18 U.S.C. § 3621(e).  Second, he alleges that he has qualified to spend the final months of his prison term in a residential reentry center.  ECF No. 7 at 6.  See also 18 U.S.C. § 3624(c).  However, Schulze

---

[1] Brian Koehn, the named respondent, no longer is the Warden of the Nevada Southern Detention Center.  The court substitutes in Blair Leibach, who as of December 11, 2020, is the Interim Warden.  See Fed. R. Civ. P. 25(d).

1

1  further alleges that as long as he is held at the Nevada Southern Detention Center, he cannot
2  participate in those programs. ECF No. 7 at 6. He asks the court to order him transferred to the
3  United States Prison in Leavenworth, Kansas, which has been designated as the location for him
4  to participate in those programs. ECF No. 7 at 7.

5  The court takes judicial notice of the on-line inmate locator of the Federal Bureau of
6  Prisons ("BOP").[2] Schulze, BOP Register Number 36817-048, currently is imprisoned at the
7  United States Prison in Leavenworth, Kansas.

8  In their motion to dismiss, respondent argues that this court lacks jurisdiction because
9  Schulze does not have a constitutionally protected liberty interest in either the residential drug
10 abuse program or a residential reentry center. ECF No. 15 at 4-5. Schulze argues that respondent
11 has misinterpreted his claim. Schulze argues that he is not claiming a right to participate in those
12 programs. Instead, he argues that respondent has prevented his transfer to Leavenworth, where he
13 already has been approved to participate in those programs. ECF No. 16 at 1-2. Respondent
14 counters that Schulze also has no constitutionally protected liberty interest in being held at a
15 particular prison. ECF No. 17 at 3-4.

16 All of those arguments are moot. Schulze has been transferred to Leavenworth. Now, if
17 Schulze is not participating in those programs, then that lack of participation has nothing to do
18 with him being held at the Nevada Southern Detention Center. Schulze's transfer to Leavenworth
19 means that there is no relief that the court can grant. The court thus grants the motion to dismiss
20 and dismisses this action.

21 Reasonable jurists would not find the court's determination to be debatable or wrong, and
22 the court will not issue a certificate of appealability.

23 IT THEREFORE IS ORDERED that the clerk of the court substitute Blair Leibach for
24 Brian Koehn as respondent.

25 IT FURTHER IS ORDERED that respondent's motion to dismiss (ECF No. 15) is
26 **GRANTED**. This action is **DISMISSED** as moot. The clerk of the court is directed to enter
27 judgment accordingly and to close this action.

---

28 [2] https://www.bop.gov/inmateloc/ (report generated August 16, 2021).

2

1   IT FURTHER IS ORDERED that a certificate of appealability will not issue.

2   DATED: September 7, 2021

    _____
    KENT J. DAWSON
    United States District Judge